**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:19-cv-147-FDW**

| | | |
|---|---|---|
| MICHAEL BENANTI, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **RORY P. POYNTER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the Complaint, (Doc. No. 1).

Plaintiff has filed an Application to proceed *in forma pauperis*, (Doc. No. 2), and a Motion to Rule

on the IFP application, (Doc. No. 4).

## I.    BACKGROUND

*Pro se* Plaintiff has filed this civil rights suit pursuant to Bivens v. Six Unknown Named

Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). He names as Defendants: FBI

Agents Rory P. Poynter, Jeff S. Blanton, Mickey R. Nocera, Brian O'Hara, Reanna O'Hara, and

Assistant United States Attorney David P. Lewen. Plaintiff's claims relate to a search that occurred

in this District which was prosecuted in the Eastern District of Tennessee, case number 3:15-cr-

177.[1]

Before his criminal trial, Petitioner filed two motions to suppress evidence, one of which

argued that the affidavit in support of the warrant to search a cabin at 380 Allison Drive contained

false information and failed to establish probable cause. He also asked the Tennessee district court

_____

[1] A prosecution against Plaintiff in this Court, case number 1:15-cr-102-MR, was dismissed by the United States after Plaintiff was convicted in Tennessee. The Court takes judicial notice of its own records and the Eastern District of Tennessee's records in case number 3:15-cr-177. See Fed. R. Ev. 201.

1

for a Franks[2] hearing as to whether officers had used false information to obtain that warrant. The district court denied his motions then conducted a trial with over 40 witnesses and the jury convicted Plaintiff of all charges. The court sentenced him to four consecutive life sentences plus 155 years. Plaintiff argued on direct appeal that much of the evidence at trial should have been excluded, either because the police allegedly violated the Fourth Amendment, or because its admission violated Rule 403 of the Federal Rules of Evidence, and that he was entitled to a new trial because of prosecutorial misconduct. He specifically argued that officers lacked probable cause for their search of the cabin at 380 Allison Drive which they conducted pursuant to a warrant. The Sixth Circuit rejected his arguments and affirmed his convictions. United States v. Benanti, 775 Fed. Appx. 556 (6th Cir. 2018).

In the instant lawsuit, Plaintiff s addresses the search warrant affidavit that was submitted to this Court on November 26, 2015, and a suppression hearing that was heard in the Eastern District of Tennessee on June 2, 2016.

Construing Plaintiff's claims liberally and accepting them as true, Defendant Poynter submitted a search warrant affidavit to Judge Howell on November 26, 2015, that contained recklessly false statements that that: (1) "FBI … examined a GPS device found in the abandoned, stolen vehicle and found a track to the address of 124 Rebel Ridge Road," (Doc. No. 1 at 5); (2) "The same two males stayed at 124 Rebel Ridge Rd from July 27, 2015 – October 25, 2015," (Doc. No. 1 at 8); (3) "The employee said the two males placed a deposit on Southern Comfort (380 Allison Dr) to be occupied on Nov 16, 2015," (Doc. No. 1 at 8); (4) "The NCHSP trooper who was involved in the vehicle chase on Sept. 3 2015 positively identified Witham to be the driver

_____

[2] Franks v. Delaware, 438 U.S. 154 (1978).

who fled him during the earlier chase," (Doc. No. 1 at 11); (5) "The driver ignored the emergency lights and siren of the NCHSP vehicle and preceded on I-26 East bound to Long Shoals road, at which point it exited the interstate," (Doc. No. 1 at 13); (6) "black rubber gloves" and Benanti's also contained a "stocking Cap," (Doc. No. 1 at 15); and (7) "[Y]our affiant was notified by HCSO investigators that a surveillance team had observed a gray Nissan Pathfinder, occupied by two white males leaving the target location," (Doc. No. 1 at 15). Plaintiff alleges that each of the Defendants knew of the falsity of these statements before the search warrant was filed. He further alleges that Defendant Lewen, a federal prosecutor, committed these acts in his administrative or investigative capacities during the drafting of the search warrant.

Plaintiff further alleges that, at the June 2, 2016 suppression hearing, Defendant Blantin perjured himself by testifying that: (1) the 124 Rebel Ridge Road address was part of the data found in the GPS; (2) two white males were staying at the 124 Rebel Ridge Road address; and (3) two white males were observed at the 380 Allison Drive on November 25, 2015. Plaintiff alleges that Defendant Blantin intentionally misled the Court at the suppression hearing.

Plaintiff seeks declaratory judgment, nominal compensatory damages, punitive damages, a jury trial, the costs of this lawsuit, and any additional relief that the Court deems just, proper, and equitable.

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding *pro se*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify

cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

## III.    DISCUSSION

To state a claim under Bivens, a plaintiff must allege that a defendant is a federal agent who acted under the color of authority and engaged in unconstitutional conduct. The purpose of Bivens is to "deter individual federal officers from committing constitutional violations." Holly v. Scott, 434 F.3d 287, 291 (4th Cir. 2006) (quoting Correctional Servs. Corp. v. Malesko, 534 U.S.

61, 70 (2001)); see also Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982) (§ 1983 applies only to state actors)). The Court concludes, after liberally construing the *pro se* Complaint, that Plaintiff's Fourth Amendment claims are minimally sufficient to survive initial review.[3]

## IV.    CONLUSION

Plaintiff's Application to proceed *in forma pauperis* is granted and Plaintiff's Bivens claims will be permitted to proceed.

**IT IS, THEREFORE, ORDERED that:**

1.    Plaintiff's Application to Proceed *in Forma Pauperis*, (Doc. No. 2), is **GRANTED**. The Clerk of Court is directed to enter an Order Waiving Initial Partial Filing Fee and Directing the Correctional Facility to Transmit Partial Payments.

2.    Plaintiff's Motion to Rule, (Doc. No. 4), is **DENIED** as moot.

3.    The Complaint has passed initial review pursuant to 28 U.S.C. § 1915.

4.    **IT IS FURTHER ORDERED THAT** the Clerk of Court is directed to prepare and issue summons forms and direct the U.S. Marshal to effectuate service on: **the U.S. Attorney, the U.S. Attorney General**, and the **FBI** at FBI Headquarters, 935 Pennsylvania Avenue, NW, Washington DC 20535-0001.

5.    The Clerk of Court is requested to mail a copy of the Complaint and this Order to the local U.S. Attorney's Office, Civil Division.

---

[3] Because of the underlying criminal proceedings' complex procedural posture, the Court is unable to determine definitively at this early stage whether Plaintiff's claims are barred by the statute of limitations, Heck v. Humphrey, 512 U.S. 477 (1994), and/or collateral estoppel. See generally Covey v. Assessor of Ohio Cnty., 777 F.3d 186, 197 (4th Cir. 2015) (civil claims based on unreasonable searches do not necessarily imply that the resulting convictions were unlawful pursuant to Heck); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983) (affirmative defenses of collateral estoppel and statute of limitations can only be raised on initial review in limited circumstances).

Signed: December 16, 2019

Frank D. Whitney
Chief United States District Judge